Lehigh and Northampton     :
Transportation Authority      :
     :
       v.       :    No. 543 C.D. 2021
     :    Submitted: December 17, 2021
Joseph Cap,      :
          Appellant     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT             FILED: May 23, 2022

Joseph Cap (Requester), *pro se*, appeals an order of the Court of Common Pleas of Lehigh County (trial court) that affirmed, in part, and overruled, in part, a final determination of the Office of Open Records (OOR). In doing so, the trial court held that the Lehigh and Northampton Transportation Authority (Authority) did not have to provide Requester access to a video recording from an Authority bus. Because Requester did not file a PA. R.A.P. 1925(b) statement as ordered by the trial court, he has failed to preserve any issues for appellate review. For this reason, we affirm the trial court.

On July 13, 2020, Requester sent an email to the Authority seeking to inspect certain video footage from an Authority bus. The Authority denied his request for the stated reason that his request was not made on the appropriate form. Requester appealed to the OOR, which held that the Authority's restriction on how

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

to make a request violated Section 703 of the Right-to-Know Law.[2]  The Authority appealed to the trial court.

Requester did not attend the hearing before the trial court or answer the Authority's petition for review.  On April 14, 2021, the trial court affirmed, in part, and overruled, in part, the OOR's final determination.  Ultimately, it ruled that the Authority need not provide the video recording because the requested footage had to be manually extracted in order to be preserved and that was not done for the footage requested.  In short, the records did not exist because the video had been overwritten.

On May 4, 2021, Requester filed a petition for reconsideration, and on May 13, 2021, he filed a notice of appeal to this Court.  On May 17, 2021, the trial court denied the petition for reconsideration.  On the same day, the trial court issued an order directing Requester to file a statement of errors complained of on appeal pursuant to Rule 1925(b), PA. R.A.P. 1925(b), within 21 days of the entry of the order on the docket.  Supplemental Reproduced Record at 27a (S.R.R. __).[3]

Requester did not file the Rule 1925(b) statement.  The trial court issued a PA. R.A.P. 1925(a) opinion on June 9, 2021, stating that Requester's failure to file the Rule 1925(b) statement resulted in waiver of any issues for appeal.  S.R.R. 28a-30a.

Before this Court, Requester argues that the Authority presented no evidence that the videos were exempt from disclosure under the Right-to-Know

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §67.703.

[3] The Authority's Supplemental Reproduced Record fails to comply with the Pennsylvania Rules of Appellate Procedure.  *See* PA. R.A.P. 2173 (any supplemental reproduced record shall be numbered in Arabic figures followed by a small b, thus 1b, 2b, 3b, etc.).  The Authority used a small "a" instead of a small "b" with its record page numbers.  However, for consistency of reference, the citations herein are as reflected in the Supplemental Reproduced Record.

Law; the Authority destroyed the requested public records; the trial court made no findings in this regard; and the trial court acted in bad faith. Requester states in his brief, in passing, that he did not receive the trial court's order directing him to file the Rule 1925(b) statement. Requester Brief at 7. The Authority responds that Requester has waived all issues he wishes to raise on appeal and requests this Court to affirm the trial court.

Pennsylvania Rule of Appellate Procedure 1925(b) and (c) states, in pertinent part, as follows:

> (b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> * * *
>
> (4) *Requirements; waiver.*
>
> * * *
>
> > *(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.*
>
> (c) Remand.
>
> > *(1) An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.*
> >
> > *(2) Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a Statement or for amendment or supplementation of a timely*

3

filed and served Statement and for a concurrent supplemental opinion. If an appellant has a statutory or rule-based right to counsel, good cause shown includes a failure by counsel to file a Statement timely or at all.

PA. R.A.P. 1925(b), (c) (emphasis added).

Failure to file a Rule 1925(b) statement results in waiver of all issues on appeal, *Commonwealth v. Hill*, 16 A.3d 484, 493 (Pa. 2011), and this waiver rule applies regardless of whether the trial court has issued an opinion. As our Supreme Court explained in *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998), "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [PA. R.A.P.] 1925. *Any issues not raised in a 1925(b) statement will be deemed waived*." (emphasis added).

Here, the record shows that the trial court issued an order directing Requester to file the Rule 1925(b) statement and that the prothonotary mailed a notice of the entry of the order to Requester's residential address pursuant to PA.R.Civ.P. 236[4] and noted so in the docket. S.R.R. 27a. Because Requester did

---

[4] It states, in pertinent part, as follows:

> (a) The prothonotary shall immediately give written notice of the entry of
>
> * * *
>
>> (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.
>
> (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.
>
> * * *
>
> (d) The prothonotary may give the notice required by subdivision (a) or notice of other matters by facsimile transmission or other electronic means if the party to whom the notice is to be given or the party's attorney has filed a written request for

not file the Rule 1925(b) statement, he has waived all issues raised on appeal.[5] Further, Requester did not request that the trial court or this Court grant him *nunc pro tunc* relief under PA. R.A.P. 1925(c)(2). He asserted that he did not receive the trial court's order directing him to file the Rule 1925(b) statement, but this does not warrant *nunc pro tunc* relief. *Ercolani v. Commonwealth*, 922 A.2d 1034, 1037 (Pa. Cmwlth. 2007) (appellant's "single, and legally inadequate" assertion that he did not receive agency notice does not authorize *nunc pro tunc* relief). Rather, the appellant must demonstrate extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process to justify the grant of *nunc pro tunc* relief. *Id.* That was not done here.

Because Requester did not file a Rule 1925(b) statement, he has waived all issues on appeal. *Hill*, 16 A.3d at 493. Accordingly, we affirm the trial court.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

such method of notification or has included a facsimile or other electronic address on a prior legal paper filed in the action.

PA.R.Civ.P. 236.

[5] The trial court's order to Requester did not contain an address to which the Rule 1925(b) statement may be delivered in person or by mail, as required by PA. R.A.P. 1925(b)(3)(iii) ("The judge's order directing the filing and serving of a Statement shall specify: … (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement.") This omission does not excuse Requester's failure to file the Rule 1925(b) Statement. *See McDowell v. Department of Human Services* (Pa. Cmwlth., No. 809 C.D. 2020, filed September 23, 2021) (unreported) (the trial court's order directing appellant to file a Rule 1925(b) statement, without an address to which the statement may be delivered in person or by mail, did not excuse the appellant from filing Rule 1925(b) statement). An unreported opinion of this Court issued after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lehigh and Northampton         :
Transportation Authority        :
                                   :
           v.            :    No. 543 C.D. 2021
                                   :
Joseph Cap,                   :
            Appellant    :

**O R D E R**

AND NOW, this 23rd day of May, 2022, the April 14, 2021, order of the Court of Common Pleas of Lehigh County, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita